**FIRST NH BANKS GRANITE STATE**

v.

**William B. SCARBOROUGH, Jr.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1992.

Decided Oct. 23, 1992.

---

Michael S. Wilson (orally), Jacob A. Manheimer, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Dana E. Prescott (orally), Potter & Prescott, Saco, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant William B. Scarborough, Jr., a contractor indebted to First NH Banks Granite State on a secured construction loan for a Kennebunkport property, appeals from a summary judgment entered by the Superior Court (York County, *Fritzsche, J.*). The court ordered foreclosure of the Bank's mortgage and entered judgment in favor of the Bank on defendant's counterclaims. Defendant asserts that the court erred in granting a summary judgment and abused its discretion in awarding attorney fees. Finally, he argues that the prejudgment order of attachment should have been stayed pending appeal. Finding no error, we affirm.

The facts, as developed for purposes of the summary judgment, may be summarized as follows: Defendant, an experienced builder, contracted to buy property in Kennebunkport with the intention to renovate it. The sellers were principals in the Shawmut Inn renovation project, located on the same road and financed by the Bank. The sellers told defendant about their plans for the Shawmut Inn and predicted that the completed Shawmut Inn project would substantially increase property values in the area.

After defendant failed to obtain financing through his regular lender, he approached plaintiff Bank for financing at the urging of the sellers and their real estate broker. At that time, he knew that the sellers had a debtor-creditor relationship with the Bank and probably had financed their Shawmut Inn project through the Bank. He approached the Bank with his renovation plans, estimated costs, a personal financial statement, and two independent appraisals of his project property and another property that would be used for collateral. He requested a $245,000 loan to finance the purchase price and renovation

and offered a first mortgage on the collateral. The Bank advised him that this was an excellent financial opportunity and investment. The Bank's senior vice-president told him of the plans of the Shawmut Inn project, spoke about the effect of the Shawmut Inn on neighboring property values, and said that defendant's purchase price was a good one.

Defendant closed on the loan with the Bank on April 20, 1988, at which time he signed a commitment letter disclaiming a fiduciary relationship. He executed a mortgage deed, security agreement, and promissory note for $245,000 in favor of the Bank. The sellers paid the sales proceeds to the Bank on their Shawmut Inn debt, thus reducing the Bank's exposure on the Shawmut Inn project. Defendant subsequently received additional loans to complete and maintain his project and carry interest charges. The Shawmut Inn project was not completed and was sold. The Bank eventually refused to lend additional money to defendant, and he stopped making payments on his loans. The Bank brought suit to foreclose the mortgages, and defendant counterclaimed on the basis of fraudulent misrepresentation, breach of fiduciary duty, and breach of an implied covenant of good faith.

The Superior Court granted a prejudgment attachment of defendant's property after notice and an opportunity for a hearing. Defendant appealed the attachment order. The Superior Court subsequently granted summary judgment to the Bank on its foreclosure action, granted summary judgment to the Bank on defendant's counterclaims, and awarded $50,000 in attorney fees to the Bank. The appeal of the attachment order was consolidated with this appeal but was neither briefed nor argued.

■ A summary judgment is appropriate when the record reveals no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. "We review the Superior Court's decision for errors of law, viewing the record in the light most favorable to the non-moving party." *Diversified Foods, Inc. v. First Na-*

*tional Bank of Boston,* 605 A.2d 609, 612 (Me.1992). A summary judgment is proper when a party has the burden of proof on an essential element at trial and it is clear that the defendant would have been entitled to a directed verdict at trial if the plaintiff presented no more evidence than was before the court at the hearing on the motion for a summary judgment. *H.E.P. Development Group, Inc. v. Nelson,* 606 A.2d 774, 775 (Me.1992).

■ Although defendant's counterclaims refer to fraudulent misrepresentation and breach of fiduciary duty, the essence of his claim is that the Bank had a duty to disclose the precarious status of the Shawmut Inn project and breached that duty. Defendant, however, has shown only that a creditor-debtor relationship existed between the Bank and himself. Nothing suggests that a greater relationship existed. He did not have a long-term relationship of trust with the Bank, and the scope of their relationship was limited to the loans for this development. The commitment letter he signed disclaimed a fiduciary relationship. We have not held that a creditor-debtor relationship by itself creates a fiduciary duty or other duty of disclosure. *Diversified Foods, Inc. v. First Nat'l Bank of Boston,* 605 A.2d at 615 (finding no duty between a bank and a borrower in the absence of diminished capacity or letting down of guard). *See* Annotation, *Existence of Fiduciary Relationship Between Bank and Depositor or Customer so as to Impose Special Duty of Disclosure Upon Bank,* 70 A.L.R.3d 1344 (1976). No genuine issue of material fact exists, and the Bank was entitled to a judgment on the first two counterclaims as a matter of law.

■ Defendant also contends that the Bank breached an implied covenant of good faith in not disclosing information that the Shawmut Inn project was failing when the Bank made loans to him. We have recognized that the Uniform Commercial Code, § 1–203,[1] imposes a duty of good faith and fair dealing by banks, requiring "honesty in fact in the conduct or transaction concerned." *Diversified Foods, Inc. v. First*

---

1. "Every contract or duty within this Title imposes an obligation of good faith in its performance or enforcement." 11 M.R.S.A. § 1–203 (1964).

*Nat'l Bank of Boston,* 605 A.2d at 613 (citing 11 M.R.S.A. §§ 1–203 (1964), 1–201(19) (1964)). The U.C.C. imposes a duty of objective good faith in certain situations. *See* 11 M.R.S.A. §§ 1–203 (1964), 3–406 (1964), 3–419(3) (1964), and 9–318(2) (Supp. 1991). We, however, have not extended that duty beyond its statutory scope. *Diversified Foods, Inc. v. First Nat. Bank of Boston,* 605 A.2d at 613–14.

Because the Bank had no duty to disclose information about the Shawmut Inn project, defendant has not shown that the Bank acted without honesty in fact. There is no evidence that the Bank knew that the Shawmut Inn project was bound for failure when its officer commented on the merit of defendant's project.

■ Defendant contends that the attorney fees awarded the Bank by the court were excessive and resulted from an abuse of discretion. Defendant also challenges the inclusion of the expense of paralegals in the fees charged. The award of attorney fees in this action is provided both by statute (14 M.R.S.A. § 6322 (Supp.1991)) and by contract between the parties. Review of the Superior Court's determination of reasonable attorney fees is for an abuse of discretion (*Colony Cadillac & Oldsmobile, Inc. v. Yerdon,* 558 A.2d 364, 368 (Me.1989) (citing *Poussard v. Commercial Credit Plan,* 479 A.2d 881, 884 (Me.1984)), and the court's factual findings are final unless they are demonstrated to be clearly erroneous (*Town of Falmouth v. Long,* 578 A.2d 1168, 1172 (Me.1990)).

■ Defendant demonstrates no abuse of discretion. With the concurrence of the Bank, the Superior Court reduced its request for $110,770.61 in fees and costs to $50,000. Although the resulting award is large, the Superior Court was justified in finding that defendant's counterclaims and defenses contributed significantly to the cost of this action. *See Beaulieu v. Dorsey,* 562 A.2d 678, 679 (Me.1989) (affirming the award of attorney fees, with slight modification, in action in which court specifically attributed the expense of the litigation to defendant's actions). We adopt no talismanic formula with regard to the inclusion of paralegal fees. The Superior Court did not abuse its discretion in concluding that the fees it awarded were fair and reasonable charges for the legal services rendered.

■ Finally, defendant contends that execution of the prejudgment writ of attachment ordered by the Superior Court should have been automatically stayed pursuant to M.R.Civ.P. 62(e) during his interlocutory appeal.[2] He maintains that a writ of attachment falls within the Rule 62(e) automatic stay of a judgment since Rule 54(a) defines judgment to include "a decree and any order from which an appeal lies." [3] We do not interpret Rule 54(a) to include orders appealable solely because of an exception to the final judgment rule.

To the contrary, in the case of attachments, it is specifically provided that attachments, or the bond substituted to vacate an attachment, shall continue in force "during the pendency of any appeal." M.R.Civ.P. 62(f); 14 M.R.S.A. § 4601 (Supp.1991).

The remaining issues raised on appeal are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.

---

2. M.R.Civ.P. 62(e) reads:

(e) **Stay Upon Appeal.** Except as provided in subdivisions (c) and (d) of this rule, the taking of an appeal from a judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal, and no supersedeas bond or other security shall be required as a condition of such stay.

Defendant had filed a Notice of Appeal of the interlocutory order, seeking dissolution of the attachment and trustee process. We consolidated the issue with the appeal of the summary judgments. Defendant did not address in his brief the issue of the attachment order itself.

3. In *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* 351 A.2d 845 (Me. 1976), we recognized a right of appeal of prejudgment attachment orders.