STATE OF MAINE                          SUPERIOR COURT
YORK, SS.                               CIVIL ACTION
                                        DOCKET NO. RE-13-81
THE BANK OF MAINE,              )       ꝰON - YOR - 10/10/2013
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )
MAXWELL EVELETH,                )
                                )
        Defendant,              )
                                )
And                             )
                                )
EVERGREEN CREDIT UNION          )
                                )
        Party-in-Interest.      )

I.      Background

    Plaintiff has filed a complaint for foreclosure against Defendant Eveleth.

Defendant Eveleth is the owner of commercial real estate located at 6 Litchfield Lane in

Wells, Maine. Defendant acquired the property encumbered by a $995,000.00 Mortgage,

Security Agreement, and Lease Assignment to Pioneer Capital Corporation. Defendant

executed and delivered a Promissory Note in the principle amount of $443,500.00,

Mortgage, Security Agreement, Lease Assignment, and Financing Statement to Gap

Funding, LLC in February 2008. Pioneer Mortgage recorded a Partial Release on behalf

of Defendant dated February 11, 2008. One month later, on March 18, 2008, Defendant

executed and delivered a Promissory Note in the principle amount of $425,000.00 to

Rivergreen Bank.

    Defendant Eveleth has brought counterclaims of Fraudulent Misrepresentation,

Negligent Misrepresentation, and Breach of the Duty of Good Faith on the basis of

alleged misrepresentations by Michael Normandeau, the manager of Gap Funding, LLC,

1

who Defendant understood to be acting as a loan broker and agent for Pioneer Capital Corporation and Rivergreen Bank (which has since merged with Bank of Maine).[1] Defendant alleges that Michael Normandeau knew of Defendant's plan to convert the mortgage property into condominiums, knew that the Town of Wells would not allow the property to be converted into condominiums, and failed to disclose this information to Defendant. Plaintiff moves the court to dismiss the counterclaims.

II.     Standard of Review

The purpose of a motion to dismiss is to determine the legal sufficiency of the complaint. *Livonia v. Town of Rome,* 707 A.2d 83, 85 (Me. 1998). The court will review the motion in the light most favorable to the non-moving party, taking the facts as stated in the pleading to be true. *Id.* The court will grant a motion to dismiss only where "it appears beyond doubt that a [counterclaim] plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (citations omitted).

III.    Discussion

Defendant has alleged fraudulent and negligent misrepresentation. In order to show a cause of action for either fraudulent or negligent misrepresentation, Plaintiff must be able to show that Plaintiff had a duty to disclose which was breached. First NH Banks Granite State v. Scarborough, 615 A.2d 248, 250 (Me. 1992). As the Law Court found in First NH Banks Granite State v. Scarborough,

> Defendant, however, has shown only that a creditor-debtor relationship
> existed between the Bank and himself. Nothing suggests that a greater

---

[1] Plaintiff argues that the counterclaims were not sufficiently pled to put Plaintiff on notice of the causes of action Defendant was asserting. Defendant outlined the counterclaims in Defendant's Response in Opposition to Plaintiff's Motion to Dismiss.

2

relationship existed. He did not have a long-term relationship of trust with the Bank, and the scope of their relationship was limited to the loans for this development.....We have not held that a creditor-debtor relationship by itself creates a fiduciary duty or other duty of disclosure.

Id. Plaintiff did not have a duty to disclose. Plaintiff did not breach a duty owed to Defendant by failing to disclose information it allegedly had about Defendant's ability to develop the property. Viewed in the light most favorable to Defendant, Defendant is not entitled to relief on these claims.

Defendant also counterclaims for breach of the duty of good faith. Plaintiff has a statutory obligation to perform all UCC duties with good faith. 11 M.R.S. § 1-1304 (2012). Plaintiff did not owe Defendant a duty to disclose any information it may have had regarding the ability of Defendant to get a permit to convert the property into a condominium. Because Plaintiff did not owe Defendant a duty, Plaintiff did not breach its statutory obligation to perform its duties with good faith. Defendant is not entitled to relief on this claim.

IV.    Conclusion

The court GRANTS Plaintiff's Motion to Dismiss Defendant's Counterclaims.

DATE:  10/10/13

_____

/s/ John H. O'Neil

3

ATTORNEYS FOR PLAINTIFF;
JEFFREY J HARDIMAN
SHECHTMAN HALPERIN SAVAGE LLP
1080 MAIN STREET
PAWTUCKET RI  02860

JEREMY R FISCHER
DRUMMOND WOODSUM
84 MARGINAL WAY SUITE 600
PORTLAND ME  04101

ATTORNEYS FOR DEFENDANT:
STEPHEN HODSDON
MATTHEW J WILLIAMS
HODSDON & AYER
56 PORTLAND RD
KENNEBUNK ME  04043

ATTORNEY FOR PARTY IN INTEREST;
JOSHUA R DOW
PEARCE & DOW LLC ATTORNEYS AT LAW
PO BOX 108
PORTLAND ME  04112