1998 ME 39

**Marlene LIVONIA**

v.

**TOWN OF ROME.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 10, 1997.
Decided Feb. 27, 1998.

---

James M. LaLiberty, Butler, Whittier & LaLiberty, P.A., Waterville, for plaintiff.

Peter M. Beckerman, Waterville, for defendant.

Richard P. Flewelling, Maine Municipal Association, Augusta, for amicus curiae.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Marlene Livonia appeals from the judgment entered in the Superior Court (Kennebec County, *Marden, J.*) dismissing her complaint for failure to state a claim on which relief may be granted pursuant to M.R. Civ. P. 12(b)(6). She contends that the court erred in dismissing her complaint against the Town of Rome. We disagree.

[¶ 2] In April 1989 Livonia acquired title to unimproved waterfront property in Rome. In March 1994 the Town, pursuant to 36

M.R.S.A. § 942 (1990 & Supp.1997),[1] sent a tax collector's notice, lien claim, and demand by certified mail to Livonia's residence in Hiram. The return receipt was signed by Livonia's live-in companion, Robert, who signed the receipt as Livonia's agent. Livonia, however, contends that Robert is not her agent and that she never authorized him to accept the delivery of certified mail on her behalf. She also asserts that he suffers from a serious psychiatric condition known as bipolar disorder, which causes him to have episodes of irrational and erratic behavior of which he has no recollection. The Town did not question whether he was actually Livonia's agent, nor did it attempt to determine whether Livonia actually received the notice. Robert did not inform Livonia that he received the notice, and she did not discover the notice until January 1996.

[¶ 3] In April 1994 the Town filed a tax lien certificate against the property for taxes due for 1993 in the Kennebec County Registry of Deeds. In April 1995 the Town recorded a second tax lien for taxes due for 1994. Livonia tendered a check in the amount of $1,200 in payment of her tax obligations for both the 1993 and 1994 tax years in December 1995.[2] The Town, by letter, refused to accept her check, stating that the period of redemption expired in October 1995 for nonpayment of the first lien.

[¶ 4] In December 1996 Livonia filed with the Superior Court pursuant to 14 M.R.S.A. §§ 5951–63 (1980) a complaint seeking a declaration that her due process rights had been violated by the Town's failure to provide her with notice regarding the 1994 lien and that the 1995 lien had not been foreclosed because of the Town's refusal to accept payment. The Town filed a motion to dismiss the complaint for failure to state a claim on which relief may be granted. In March 1997 the court granted the Town's motion, holding that the Town did not violate Livonia's due process rights because it had complied with the statutory procedure for notice and because the Town did not know when it sent out the notice that Livonia would not receive it. This appeal followed.

[¶ 5] A motion to dismiss tests the legal sufficiency of the complaint. *Richards v. Soucy,* 610 A.2d 268, 270 (Me.1992). For purposes of a Rule 12(b)(6) motion, the material allegations of the complaint must be taken as admitted. *Larrabee v. Penobscot Frozen Foods, Inc.,* 486 A.2d 97, 98 (Me.1984). In reviewing a dismissal, this Court will examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* at 99. "A dismissal should occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims.'" *McAfee v. Cole,* 637 A.2d 463, 465 (Me.1994) (quoting *Hall v. Board of Envtl. Protection,* 498 A.2d 260, 266 (Me.1985)).

[¶ 6] Whether notice in a given matter is constitutionally sufficient is governed by the landmark case of *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Mullane,* the United States Supreme Court held: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657. Furthermore, "pro-

---

1. 36 M.R.S.A. § 942 states in pertinent part:

    The tax collector may, after the expiration of 8 months and within one year after the date of original commitment of a tax, give to the person against whom the tax is assessed, or leave at his last and usual place of abode, or send by certified mail, return receipt requested, to his last known address, a notice in writing signed by the tax collector or bearing his facsimile signature, stating the amount of the tax, describing the real estate on which the tax is assessed, alleging that a lien is claimed on the real estate to secure the payment of the tax, and demanding the payment of the tax within 30 days after service or mailing of the notice with $3 for the tax collector for making the demand together with the certified mail, return receipt requested, fee.

2. The first tax lien certificate filed in the registry of deeds claimed a tax due for 1993 of $808.57 including interest and costs. The second tax lien certificate claimed a tax due for 1994 of $753.36.

cess which is a mere gesture is not due process." *Id.* at 315, 70 S.Ct. at 657. The means chosen to notify an individual must be such that the "one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* The Supreme Court has subsequently held that notice through the mail can violate the Due Process Clause if it is not reasonably calculated to apprise the addressee of the governmental action intended to be taken against him. In *Covey v. Town of Somers,* 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956), the Court held that a notice mailed to a known incompetent was an unconstitutional violation of due process. *Id.* at 147, 76 S.Ct. at 727–28. In *Robinson v. Hanrahan,* 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), the Court held that a mailed foreclosure notice to an individual that the town, when it mailed the notice, knew would not receive it because he was in the county jail was a violation of due process. *Id.* at 40, 93 S.Ct. at 31–32.

[¶ 7] As *Mullane* indicates, whether notice is constitutionally sufficient depends on what the governmental agency knew, or should have known, when it gave notice. Livonia acknowledges that when the Town deposited the notice in the mail it had no way of knowing that she would not receive it. Instead, she contends that notice by certified mail is not completed until the return receipt is processed by a municipality, and the Town should have, therefore, known from the receipt that she would not receive notice and should have notified her by another means.[3] Her argument is unconvincing. According to its plain and ordinary meaning, the act of "sending" is completed the moment notice is deposited in the mail or given to a mail carrier to be delivered. Moreover, contrary to her assertions, the addition[4] of the requirement that municipalities request a return receipt does not indicate a legislative intent to require municipalities to determine whether the named addressee actually received the notice.

[¶ 8] Livonia alternatively argues that even if section 942 notice is considered "sent" when it is deposited in the mail, under the circumstances in this case her due process notice rights were violated because the Town did not use other means to notify her after receiving the receipt with Robert's name on it. In essence, Livonia asserts that anything less than notice by personal service is an unconstitutional violation of her due process rights. We rejected that assertion in *City of Auburn v. Mandarelli,* 320 A.2d 22 (Me.), *appeal dismissed,* 419 U.S. 810, 95 S.Ct. 25, 42 L.Ed.2d 37 (1974).[5] We also have stated that service by mail is a satisfactory alternative to personal service. *Roy v. Buckley,* 1997 ME 155, ¶ 14, 698 A.2d 497, 502. It is "an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice." *Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988). Compliance with the notice procedure of section 942, in these circumstances, is enough to satisfy due process safeguards.

The entry is:

Judgment affirmed.

---

3. Because we disagree with her construction of the phrase "sending by certified mail," a determination as to the accuracy of her assumption that the return receipt, signed by someone other than herself, constitutes notice of nondelivery is unnecessary.

4. In 1977, the Legislature substituted the phrase "certified mail, return receipt requested" for the phrase "registered mail." P.L.1977, ch. 630, §§ 7, 8. The distinction between registered and certified mail is that registered mail can be accepted only by the addressee while certified mail can be accepted by anyone in the addressee's household. In the Statement of Facts to the Committee Amendment that recommended the change, the committee stated that certified mail, return receipt requested "will ensure adequate proof of the notice without requiring registering mail." Comm. Amend. to L.D.1982, No. H–1019 (108th Legis.1977). This comment indicates that the committee intended to make the notice procedure less, not more, demanding for a town.

5. In *Mandarelli,* 320 A.2d 22 (Me.1974), this Court rejected a facial challenge to the constitutionality of the tax lien procedure (*id.* at 28) and stated that due process principles do not require notice by personal service (*id.* at 25).