STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                      DOCKET NO. CV-05-256

LORE MACFEAT and
WILLIAM MACFEAT

    Plaintiffs

    v.                                               ORDER ON DEFENDANT
                                                      COUNTRYWIDE
                                                      FINANCIAL'S MOTION
                                                      TO DISMISS

COUNTRYWIDE FINANCIAL
CORPORATION and
BENEFICIAL FINANCE

    Defendants


Before the court is Countrywide Financial's motion to dismiss Count I of

Plaintiffs' amended complaint.

## STATEMENT OF FACTS

On May 11, 2005, Plaintiffs Lore and William MacFeat filed a complaint

against Countrywide Financial Corp. and Beneficial Finance, a subsidiary of

HSBC Group. In their amended complaint, Plaintiffs claim that, in June, 2001,

they purchased a home which they financed through Countrywide Home Loans.

They allege that they refinanced the original loan a year later with Beneficial

Finance, and Beneficial paid the balance of the initial home mortgage on May 29,

2002. Plaintiffs assert that, over the next year, they went to several financial

institutions to attempt to refinance their home again, but were denied because of

a poor credit rating. In May, 2003, Plaintiffs claim they were told by their

financial representative at an auto dealership that their credit rating was poor

because the original home loan with Countryside showed as unpaid on their

credit report.  Plaintiff William MacFeat contacted Countrywide on May 28, 2003 to request that the pay-off of the initial mortgage be updated on their credit report.  On June 2, 2003, Countrywide reported the mortgage pay-off.

Plaintiffs claim that, in part as a result of Countrywide's negligence in misreporting their credit, they have sustained financial losses, including being forced to pay interest at a premium well above the conventional loan interest rate for their home and automobile.  Count I of Plaintiffs' amended complaint is a claim for negligence against Defendant Countrywide, based on its alleged violation of the Fair Credit Reporting Act, 10 M.R.S.A. § 1311 et. seq., (the "Act"). Defendant Countrywide claims that this count is time-barred under the Act's two-year statute of limitations under §1324.

## STANDARD OF REVIEW

When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), "the material allegations of the complaint must be taken as admitted." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7; 843 A.2d 43, 47 (quoting *Livonia v. Town of Rome, 1998 ME 39, P5, 707 A.2d 83, 85.*) "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *Id.* (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)).

## DISCUSSION

The parties have focused their arguments on whether the two-year statute of limitations under The Fair Credit Reporting Act has run.  *See* 10 M.R.S.A. § 1324[1].  Defendant Countrywide claims that Plaintiffs allege a misreporting injury

---

[1] The full text of 10 M.R.S.A. § 1324 reads:
Jurisdiction of courts; limitation of actions

that occurred on May 29, 2002, and that Plaintiffs' claim, which was filed on May 11, 2005, fell outside of the requisite two-year period. *See id.* Plaintiffs claim, however, that they did not discover the misreporting until May, 2003, and that the Act's discovery rule, which tolls the statute of limitations for material and willful misrepresentations by the defendant, applies to them, because Defendant Countrywide affirmatively misrepresented to Plaintiffs that the mortgage payoff would be promptly reported. *See id.*

However, the Fair Credit Reporting Act is by its terms limited in its application to the activities of "consumer reporting agencies," defined in the Act as:

> Any person who, for monetary fees, dues or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports or investigative consumer reports to 3rd parties.

10 M.R.S.A. 1312(4).

The provision of the Act upon which Plaintiffs base their claim for relief under Count I, 10 M.R.S.A. § 1321, outlines procedures that *consumer reporting agencies* must follow in order to avoid violations of the Act. Plaintiffs have not alleged that Defendant Countrywide Financial Corp. is a consumer reporting agency, and it is apparent from the statutory definition and from Plaintiffs' complaint that Defendant Countrywide is not a consumer reporting agency. As

---

An action to enforce any liability created under this chapter may be brought in any court of competent jurisdiction, within 2 years from the date on which the liability arises, except that when a defendant has materially and willfully misrepresented any information required under this Title to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this chapter, the action may be brought at any time within 2 years after the discovery by the individual of the misrepresentation.

Defendant Countrywide has not breached any duty under the Act, the Act's two-year statute of limitations is inapplicable.

The allegations in Count I of Plaintiffs' complaint, however, appear to state a more general claim for negligence, even if that negligence cannot be based on Defendant Countrywide's failure to observe the Fair Credit Reporting Act. Under M.R.Civ.P. 8, a pleading which sets forth a claim for relief need only contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief which the pleader seeks. The Plaintiffs allege that Defendant Countrywide was their mortgage company, and that it misreported the pay-off of their original mortgage, and that this misreporting resulted in financial losses to Plaintiffs for which they seek relief. These allegations are sufficient to support a claim for negligence under Count I of the complaint, for which the statute of limitations is six years.

Accordingly, Defendant Countrywide Financial Corporation's motion to dismiss Count I of the complaint is DENIED.

Dated at Portland, Maine this __15th__ day of __September__, 2005.

_____
Robert E. Crowley
Justice, Superior Court

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287


JOHN BOBROWIECKI ESQ
FARRIS LAW
PO BOX 120
GARDINER ME 04345-0120

Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

MICHAEL TRAISTER ESQ
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME 04104


TIMOTHY ZERILLO ESQ
PO BOX 17721
PORTLAND ME 04112