STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss.                          CIVIL ACTION
                                         DOCKET NO. CV-05-280

                                         RAC-CUM-D/27/05

DEBBIE ELLIOT, INC.,            *
                               *
                Plaintiff       *
        v.                     *              ORDER
                               *
SARAH HANCOCK,                  *
                               *
                Defendant       *
                               *

This case comes before the Court on Defendant's Motion to Dismiss Count

II of Plaintiff's Complaint alleging Tortious Interference with Advantageous

Business Relations. If the Court grants the Motion, Plaintiff has asked the Court

for Leave to Amend its Complaint to allege Fraud with particularity.

## FACTS

Plaintiff Debbie Elliot, Inc. alleges the following facts. On March 29, 2000,

Elliott the owner of Debbie Elliot Salon and Day Spa (the "Spa), hired Defendant

Sarah Hancock initially as a nail technician. On April 21, 2001, the parties

entered into a Confidentiality and Noncompetition Agreement (the "Agreement).

The Agreement prohibits Hancock, in part, from using or disclosing trade

secrets. The Agreement also prohibits Hancock from competing with the Spa

indirectly or directly within a ten-mile radius from the Spa for a period of twelve

months after the termination of her employment. On March 8, 2005, Hancock

terminated her employment with the Spa. The following month Hancock began

working for Paradiso as a stylist. Paradiso is within a ten-mile radius of the Spa.

The owner of Paradiso, Kandace Wagner, was aware of the Agreement. Clientele

of the Spa have cancelled appointments in order to schedule appointments with Hancock at Paradiso.

On May 18, 2005, the Spa filed a complaint seeking an Injunction and damages for Breach of Contract (Count I), Tortious Interference with Advantageous Business Relations against Hancock and Paradiso (Count II), Civil Conspiracy (Count III), Violation of Maine's Uniform Trade Secrets Act (Count IV), and Constructive Trust (Count V). On May 17, 2005, the Court denied the Spa's request for injunctive relief. On June 6, 2005, Hancock filed an Answer and counterclaimed against the Spa for Fraud (Count I), and violation of the Uniform Trade Secrets Act (Count II). On the same day, Hancock filed a Motion to Dismiss Count II of the Spa's complaint.

## DISCUSSION

When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), "the material allegations of the complaint must be taken as admitted." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7; 843 A.2d 43, 47 (quoting *Livonia v. Town of Rome*, 1998 ME 39, P5, 707 A.2d 83, 85). The complaint must then be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Napieralski v. United Church of Greater Portland*, 2002 ME 108, ¶ 4, 802 A.2d 291, 392.

Hancock supports this motion with the following arguments. First, pursuant to the economic loss doctrine, the Spa is barred from suing in tort for an economic loss due to a breach of contract. Second, an element of tortious interference with a business relationship is fraud. As such, because the Spa did not plead fraud with particularity, this claim should be dismissed pursuant M.R.

2

Civ. P. 9 (b).

### a.  Tort Recovery for Breach of Contract

Hancock argues that Maine adopted the economic loss doctrine in *Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267, 270 (Me. 1995), to broadly prohibit tort recovery for pure economic losses when the relationship between the parties is governed by a contract. Although *Oceanside* does recognize the economic loss doctrine, it does so in the context of product liability when a defective product does not cause personal injury or damage to other property. *Id.* at 270-71.

Furthermore, Hancock's contention that tort recovery cannot be had for a breach of contract is inconsistent with Restatement (Second) of Torts § 768. This section provides tort recovery for intentional and improper interference with *prospective* contractual relations between a third party and another who is a competitor.[1] See *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1210 (Me. 1990) (addressing tortious interference of a contract by fraud). Arguably, Hancock's violation of the noncompetition agreement is an improper interference with prospective contractual relations. Restatement § 768 Comment (*i*).

### b.  Fraud

Whether the Spa can make out a claim of tortious interference will turn on

---

[1] § 768 Competition as Proper or Improper Interference
(1) One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if
    (a) the relation concerns a matter involved in the competition between the actor and the other and
    (b) the actor does not employ wrongful means and
    (c) his action does not create or continue an unlawful restraint of trade and
    (d) his purpose is at least in part to advance his interest in competing with the other.
(2) The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will.

3

whether it can make a showing that Hancock engaged in fraud to interfere with the Spa's prospective economic advantage. *Barnes v. Zappia*, 658 A.2d 1086, 1090 (Me. 1995). The central issue in this context is whether the Spa's allegation of fraud was pled with particularity in the complaint. M.R. Civ. P. 9(b).

The elements of interference by fraud are as follows: "(1) making a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff." *Grover v. Minette-Mills Inc.*, 638 A.2d 712, 716 (Me. 1994); see also *Shaw v. Southern Aroostook Community School District*, 683 A.2d 502, 503-04 (Me. 1996) (holding that allegations that a school official attempted to force plaintiff to resign by fabricating grounds for dismissal resulting in economic harm and emotional distress were sufficient to survive a motion to dismiss).

In this case, the Spa alleges that Hancock and Paradiso knowingly used misappropriated trade secrets and solicited the Spa's clients without informing them of the Agreement proscribing this particular conduct. (Complaint ¶¶ 29, 30). As a result, the Spa's clients have cancelled appointments in order to schedule appointments with Paradiso. (Complaint ¶ 18). The Spa further asserts that the loss of clientele has resulted in damage. (Complaint ¶¶ 27, 36). Based on these allegations, the Spa has clearly asserted fraud with particularity to satisfy M.R. Civ. P. 9(b).

The Motion to Dismiss is **DENIED**.

DATE: _October 27, 2005_

_____
Justice, Superior Court

4

REBECCA WEBBER ESQ
PO BOX 190
AUBURN ME 04212

*Hancock*

GERALD COPE ESQ
PO BOX 1398
PORTLAND ME 04104

*Relax*

PETER BENNETT ESQ
PO BOX 7799
PORTLAND ME 04112

*Pl*