STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV06-589

JACQUELINE SORENSON

Plaintiff

v.

PETER MCPHERSON, et al.

Defendants

**ORDER ON DEFENDANTS'
MOTION TO DISMISS**



This matter comes before the Court on Defendants' motion to dismiss per

M.R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement per M.R. Civ.

P. 12(e).

## BACKGROUND

In October 2006, Plaintiff Jacqueline Sorenson ("Sorenson") filed a

complaint against Peter McPherson ("McPherson") and the Portland Help Center

("PHC"), an outpatient clinic assisting clients suffering from mental illness.

McPherson is, upon information and belief, the president of Spurwink

Corporation, which acquired PHC several years ago. Sorenson has been a client

of PHC's in the past. Sorenson's complaint and amended complaint allege that

she has experienced various forms of harassment, including alleged break-ins to

and thefts from her trailer. Sorenson alleges that these events date back to the

1980s. She does not allege that McPherson himself has committed these actions,

which, she alleges, violate her Fourth Amendment rights; rather, she claims that

1

McPherson has violated her First Amendment rights by not helping her speak out about the problem through medical providers in order to pursue a remedy.

In the past, Sorenson apparently treated with Dr. David Labozzo, a psychiatrist at PHC. Dr. Labozzo sent a letter to then-Governor Angus King on Sorenson's behalf to alert him to the alleged problems with trespassing and burglary that she stated she was experiencing. Sorenson now alleges that McPherson no longer permits Dr. Labozzo help her seek redress for these claims in violation of her constitutional rights, and Dr. Labozzo's First Amendment rights.[1] In response, McPherson and PHC moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Alternatively, they move for a more definite statement of the claim. They contend that it is not apparent from the complaint how Sorenson's alleged difficulties with trespassers entitle her to legal redress from any of the defendants. Sorenson asks this Court not to dismiss her claim, or to allow her time to find an attorney to represent her.

## DISCUSSION

1.    Standard of Review.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its]

---

[1] Sorenson lacks standing to assert a claim that Dr. Labozzo's constitutional rights have been violated.

2

claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protec.*, 498 A.2d 260, 266 (Me. 1985)). As an alternative to outright dismissal, a defendant may delay filing a responsive pleading by moving for a more definite statement of the claim when the original statement is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." M.R. Civ. P. 12(e).

2. Defendants' Motion to Dismiss.

Here, Defendants note that the allegations Sorenson raises are general allegations of theft, and trespassing spanning a number of years. They argue that the nature of the specific claim against them is unclear from the wording of the complaint. Reading the amended complaint, it reasonably may be inferred that Sorenson alleges that McPherson has violated her constitutional rights by preventing her former psychiatrist from helping her obtain relief for the alleged difficulties she has been having. Even viewing these allegations in the light most favorably to Sorenson, assuming McPherson has ordered his staff psychiatrists not to assist Sorenson with these claims, such actions do not rise to the level of a cognizable constitutional violation. The complaint fails to state a claim upon which relief can be granted.

Defendants' motion to dismiss is hereby granted; however, the complaint is dismissed without prejudice so that it may be re-filed if Sorenson is able to obtain counsel who can draft a complaint upon which relief could be granted.

The entry is:

Defendants' motion to dismiss is GRANTED without prejudice. Sorenson may re-file her complaint if she obtains counsel to assist her.

3

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _April 6, 2002_

Roland A. Cole
Justice, Superior Court

4

JACQUELINE SORENSON
PO BOX 350
WESTBROOK ME 04092

_P\

GRAYDON STEVENS ESQ
PO BOX 597
PORTLAND ME 04112