STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-08-041

DONALD DOBSON,

Plaintiff,

**ORDER**

v.

ARDITH KEEF,
WILLIAM KEEF,
and
THE ANCHOR MISSIONARY FELLOWSHIP,

Defendants.

Before this Court is Defendants Ardith Keef, William Keef and The Anchor Missionary Fellowship's (collectively "Defendants") Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6).

**BACKGROUND**

On February 15, 2008, Plaintiff Donald Dobson filed a one-count complaint alleging that Defendants maliciously and/or intentionally invaded his privacy. The alleged invasions occurred on two separate occasions.

The first incident occurred when Plaintiff was lawfully protesting on a public road near Defendants' place of business. This protest began in October of 2006. Plaintiff protested both by himself and with others. When he was joined in his protest by others, they would engage in conversations that Plaintiff contends were private. In July 2007, Defendants allegedly buried an electronic listening device at the protest site in order to overhear Plaintiff's conversations.

The second incident occurred in August 2007 when Defendants allegedly drove by Plaintiff's home and took pictures of him while he was in his yard. Amended Complaint ¶ 11.

1

Defendants now move to dismiss the complaint asserting that it fails to state a claim upon which relief can be granted because it fails to meet the elements of the tort of invasion of privacy.

## STANDARD OF REVIEW

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. "We determine whether the complaint 'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Doe v. District Attorney*, 2007 ME 139, ¶ 20, 932 A.2d 552, 558 (*quoting Persson v. Dep't. of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365).

## DISCUSSION

Plaintiff alleges two specific incidences where he asserts that his privacy has been invaded. In 1976 the tort of invasion of privacy was first recognized at common-law in Maine. *See Berthiaume v. Pratt*, 365 A.2d 792, 795-96 (Me. 1976) (*adopting* W. Prosser, Law of Torts, 804 (4th ed. 1971)). Four specific rights were recognized. *Id.* at 795. Of the four recognized rights, the applicable right asserted in this case is the right of a plaintiff to be free from "intrusion upon the plaintiff's physical and mental solitude or seclusion." *Id.*

Subsequent case law has clarified the right to require "proof of an actual invasion of 'something secret, secluded or private pertaining to the plaintiff.'" *Nelson v. Maine Times*, 373 A.2d 1221, 1223 (Me. 1977)(*quoting Berthiaume*, 365 A.2d at 795). Additionally, a plaintiff must "minimally allege a physical

intrusion upon premises occupied privately by a plaintiff for purposes of seclusion." *Id.* (citations omitted); *see also Murature v. M/S Scotia Prince*, 656 F.Supp 471, 482-83 (D. Me. 1987)(finding no invasion of privacy when photographs of plaintiff were taken on a cruise when he was in a non-secluded area).[1]

In this case Plaintiff contends that his privacy was invaded twice. The first alleged invasion occurred by use of a hidden electronic listening device while Plaintiff was conducting a protest on a public road. Specifically that Defendants' impermissibly eavesdropped on private conversations by way of the listening device. The Law Court has observed that the concept of "privacy" is elusive "as it is used in common parlance." *Equifax Services, Inc. v. Cohen*, 420 A.2d 189, 200 (Me. 1980). It must be understood that "tort law protects only *particular facets* of what the average person may think of as a 'right to privacy.'" *Id.* (emphasis in original). While Plaintiff may have intended his conversations to be private, this Court cannot say that conversations held on a public road were

---

[1] The *Nelson* Court was guided by the Restatement of Torts Section 652B. *See Nelson*, 373 A.2d at 1223 (*citing* Restatement (Second) of Torts § 652B (1977)). Comment c of the Restatement states:

> The defendant is subject to liability under the rules stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs. Thus there is no liability for the examination of a public record concerning the plaintiff, or of documents that the plaintiff is required to keep and make available for public inspection. Nor is there liability for observing him or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye. Even in a public place, however, there may be some matters about the plaintiff, such as his underwear or lack of it, that are not exhibited to public gaze; and there may still be invasion of private when there is intrusion upon these matters.

*Id.* (cmt. c).

sufficiently secluded to warrant a right to privacy. Nor was the second alleged incident protected. Photographs taken of Plaintiff while he was in his yard and exposed to public scrutiny are not actionable because Plaintiff had not secluded himself from visual scrutiny.

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted because he has failed to claim the elements of the tort of invasion of privacy.

## Therefore, the entry is:

Defendant's Motion to Dismiss is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _24th_ day of _July_, 2008.

Roland A. Cole
Justice, Superior Court

4

= CCURTS
nd County
ox 287
ne 04112-0287


NICHOLAS MAHONEY ESQ
PO BOX 6142
FALMOUTH ME 04105

*plaintiff*


= COURTS
nd County
ox 287
ne 04112-0287


JUDY POTTER ESQ
356 SPURWINK AVENUE
CAPE ELIZABETH ME 04107

*Defendants*