STATE OF MAINE SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
DOCKET NO. CV-09-22
JAW-CUM-5/5/2009

TWO TRAILS ENTERPRISES, INC.,

     Plaintiff

                                ORDER
v.

SIMPLEXGRINNELL, L.P.,

     and

MICHAEL A. PRESCOTT D/B/A
SPECIALIZED CLEANING CO.,

     Defendants

## BEFORE THE COURT

Before the court is Defendant SimplexGrinnell, L.P.'s (SimplexGrinnell)

motion to dismiss for failure to state a claim filed March 6, 2009.

## PROCEDURAL HISTORY AND BACKGROUND

This action stems from a fire that occurred at the Plaintiff Two Trails

Enterprises, Inc.'s (Two Trails) restaurant. Two Trails operates a restaurant

business in Standish, Maine. Defendant SimplexGrinnell is a limited partnership

that sells and services security systems and fire suppression systems. Defendant

Michael A. Prescott (Prescott) is in the business of steam cleaning restaurants and

restaurant equipment.

On September 28, 2006, Two Trails hired SimplexGrinnell to service the

fire suppression system in the kitchen at the Two Trails restaurant. Two Trails

hired Prescott on October 16, 2006 to steam clean the kitchen, including the

kitchen hood, the fans, and the floors, to remove any grease. On November 14,

2006, there was a fire at the Two Trails restaurant allegedly caused by the ignition of accumulated grease in the kitchen area. According to the complaint, the fire suppression system in the kitchen failed to properly operate to suppress the fire. The Plaintiff claims the fire caused the building and its contents extensive damage. The Plaintiff claims the fire was the result of negligence on the part of both Prescott (Count I) and SimplexGrinnell (Count II).

In the instant motion to dismiss, SimplexGrinnell argues Two Trails entered into contract with SimplexGrinnell that effectively bars the Plaintiff's claims. SimplexGrinnell attached a copy of a signed corporate document recording a price quote of $475.00 for a shipment made to Two Trails together with a seemingly generic corporate form that contains a limitations of liability clause (the Corporate Documents).[1] SimplexGrinnell contends that because the relationship between Two Trails and SimplexGrinnell was purely contractual, the contract controls the outcome of the case. In response, Two Trails counters that the tort claim of negligence against SimplexGrinnell is not contractually

---

[1] Included in the terms and conditions of corporate form is the following limitation of liability provision:

> Seller shall not be liable on any claim for direct, indirect or consequential damages whether or not such claim is based on contract or tort or occasioned by seller's active or passive negligence. Seller's liability on any claim for loss or liability arising out of or connected with this contract or any obligation resulting therefrom or from manufacture, fabrication, sale, delivery, installation or use of any materials shall be limited to that set forth in the paragraph entitled "warranty."

The form then sets forth the applicable warranty, which provides the following:

> Seller agrees that for a period of ninety (90) days after completion of said work it will, at its expense repair or replace any defective materials or workmanship supplied or performed by Seller. It is understood that the Seller does not guarantee the operation of the system. Seller further warrants the products of other manufacturers supplied hereunder, to the extent of the warranty of the respective manufacturer.

> ALL OTHER EXPRESS OR IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS OR OTHERWISE ARE HEREBY EXCLUDED.

2

barred. This is not a breach of contract claim; instead, Two Trails asserts the tort claim of negligence with respect to SimplexGrinnell's servicing of the fire suppression equipment.

## DISCUSSION

### 1. Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as admitted, and they are viewed "in the light most favorable to the plaintiff." *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

### 2. May the Court Consider the Corporate Documents Submitted by SimplexGrinnell for Purposes of the Motion to Dismiss?

As a preliminary issue, the court must determine whether it should consider the Corporate Documents attached to SimplexGrinnell's motion to dismiss in ruling on the motion. The general rule is that only the facts alleged in the complaint may be considered on a motion to dismiss. *Moody v. State Liquor and Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43, 47. However, a narrow exception allows the court to consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary

3

judgment when the authenticity of such documents is not challenged." *Id.* at ¶¶ 9-10. These documents then merge into the pleadings. *Id.* The Law Court has stated "the purpose for this exception is that if courts could not consider these documents, 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.'" *Id.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Two Trails contends that the court should not consider the Corporate Documents because they were not attached to the complaint or incorporated by reference into the complaint. In addition, Two Trails points out that the Corporate Documents are not properly authenticated. Accordingly, Two Trails argues that SimplexGrinnell's motion to dismiss is converted into a motion for summary judgment and should be denied for failure to comply with M.R. Civ. P. 56(h).

Because Two Trails challenges the authenticity of the Corporate Documents, the documents should not merge into the pleadings. SimplexGrinnell has not complied with Rule 56 and the Corporate Documents are not properly authenticated. Thus, the court will not consider the documents in determining the instant motion.

### 3. Is the Claim as Alleged Against SimplexGrinnel a Breach of Contract Claim?

SimplexGrinnell next argues that even if the court does not consider the Corporate Documents, the alleged tortuous breach by SimplexGrinnell is nothing more than breach of contract claim. In the complaint, Two Trails claims that SimplexGrinnell was negligent with respect to servicing the fire suppression

4

equipment.[2] SimplexGrinnell contends that it makes no sense that it would have serviced the fire suppression system without a contractual obligation to do so. However, for purposes of the motion to dismiss, the facts as alleged are treated as admitted and are viewed in the light most favorable to the Plaintiff. Two Trails has not alleged breach of contract. As alleged in the complaint, Two Trails' claim against SimplexGrinnell does not rely on a contract between the parties. Relying on the facts as alleged in the complaint, it is not clear whether the sole duty between the parties was contractual. SimplexGrinnell has failed to demonstrate that the Plaintiff's claim against SimplexGrinnell is barred and fails as a matter of law.

## CONCLUSION

The Court hereby DENIES the Defendant SimplexGrinnell's motion to dismiss filed March 6, 2009.

DATE: May 5, 2009

_____
Joyce A. Wheeler, Justice

---

[2] Two Trails has specifically alleged that "[a]s a result of the negligence of Defendant SimplexGrinnell in the service of the fire suppression system, the fire at Two Trails restaurant was not contained or suppressed resulting in extensive damage to the building, fixtures and contents of the Two Trails restaurant." Complaint, ¶ 17.

FREDERICK MOORE ESQ _Of Prescott_
511 CONGRESS ST
SUITE 401
PORTLAND ME 04101

PHILIP BIXBY ESQ _Of Simplex_
HAROLD FRIEDMAN ESQ
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
PO BOX 4726
PORTLAND ME 04112

JEFFREY EDWARDS ESQ _P_
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546