STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-609

KATHLEEN MALIA,
     Plaintiff

DECISION AND ORDER

v.

UNUM LIFE INS. CO. OF AMERICA,
ET AL.,
     Defendants.

## BEFORE THE COURT

This matter comes before the court on a motion to dismiss from defendants

UNUM group and UNUM Life Insurance Company of America (Unum).

## BACKGROUND AND PROCEDURAL HISTORY

This is a defamation action arising from alleged statements made by defendant,

Unum, to plaintiff Kathleen Malia's (Malia) temporary employment agency, Kelly

Services (Kelly). Malia was a temporary agency employee, assigned to work at Unum

reexamining claims subject to an agreement between Unum and insurance regulators (the

"RSA"). Despite being paid by Kelly, Malia was required to adhere to the same

guidelines as other Unum employees and held to the same or similar standards. Malia

asserts that Unum chose not to inform her of any performance problems, and that her

performance, although not perfect, was comparable to other employees.

In October of 2006, Unum terminated Malia's assignment and informed Kelly of

the termination. Unum contends that the termination was in response to a consumer

complaint, while Malia states that she was fired because of outside pressure from Unum

regulators, which resulted in the decision to make Malia a scapegoat for Unum's

unsatisfactory performance of the RSA. Malia alleges that Unum informed Kelly of the termination and stated that it was due to "several performance issues including, but not limited to, not following claims through and not responding to claims in a timely manner." Malia contends that this statement was false and defamatory per se, and that Unum acted negligently or fraudulently by misstating the real motivation in firing Malia.[1] Malia further alleges that since she is required to explain to prospective employers why she was fired from Unum, this compelled self-publication further damages her reputation, and has made it impossible to work in the insurance industry.[2] On October 24, 2008, Malia filed a complaint against the named defendants alleging the above stated facts and claims. On April 24, 2009, an amended complaint was filed, and the court subsequently granted Malia's motion for enlargement of time to file proof of service. Unum filed the present motion to dismiss on May 13, 2009, and Malia filed her opposition on June 1, 2009. On June 11, 2009, Unum filed a reply in support of their motion to dismiss.

## DISCUSSION

### I.      Standard of Review.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. In determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint." *Saunders v.*

---

[1] Plaintiff's statement that Unum fraudulently made the statement to the temporary agency was not pled with sufficient particularity for purposes of M.R. Civ. P. 9(b); however, there are other sufficient facts in the complaint that establish a claim for defamation for the purposes of Rule 12(b)(6).

[2] Although the parties discuss compelled self-publication to a great extent, compelled self-publication is not a separate claim under the Amended Complaint, and the court need not address it here because there are other sufficient facts in the complaint that establish a claim for defamation for the purposes of Rule 12(b)(6).

*Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The facts alleged are treated as admitted, and they are viewed "in the light most favorable to the plaintiff." *Id.* The court should dismiss a claim only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he [or she] might prove in support of his [or her] claim." *Id.* (quoting *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246).

## II.   Defamation.

Unum has moved to dismiss on the basis that Malia failed to establish the elements of defamation. Defamation requires a false and defamatory statement concerning another, an unprivileged publication to a third party, fault amounting at least to negligence on the part of the publisher, and actionability irrespective of special harm or the existence of special harm caused by the publication. *Cole v. Chandler*, 2000 ME 104, ¶ 5, 752 A.2d 1189, 1193. Specifically, Unum claims that Malia failed to plead sufficient facts to satisfy the "unprivileged publication to a third party" element. Unum claims that the statement made to Kelly was protected by both a common law conditional privilege, as well as statutory immunity. Unum further claims that Malia has not pled sufficient facts to overcome Unum's asserted privilege, thus mandating a motion to dismiss.

Whether Unum is entitled to the common law conditional privilege is a question of law. *Cole v. Chandler*, 2000 ME 104, ¶ 6, 752 A.2d 1189, 1193. A conditional privilege against liability for defamation arises where society has an interest in promoting free, but not unfettered, speech. *Id.* In *Cole*, the Law Court held that the conditional privilege applies in numerous situations, including where a claim by an employee arose due to termination of employment. *Id.* Thus, Unum correctly asserts the defense of

common law conditional privilege against liability for defamation. However, there are limitations to the privilege. The common law privilege in the context of an employment termination is limited by a requirement that it not be made with malicious intent, abused by disclosures outside normal channels, made with knowledge that statements were false, or with reckless disregard for the truth or falsity of the statement. *Id.* ¶ 7, 752 A.2d 1189, 1194. Once the determination is made that the defendant has the privilege, the burden then shifts to the plaintiff to provide evidence that could go to the jury demonstrating that it was abused. *Id.* Whether the defendant abused the privilege is a question of fact. *Id.*; *see also Rice v. Alley*, 2002 ME 43, ¶ 26, 791 A.2d 932, 937.

Similarly, employers have statutory immunity when they disclose "information about a former employee's job performance or work record to a prospective employer." 26 M.R.S.A § 598 (2008). Although the immunity presumes that employers act in good faith it is not absolute and can be rebutted by a showing of "clear and convincing evidence of [a] lack of good faith . . . that clearly shows the knowing disclosure, with malicious intent, of false or deliberately misleading information." *Id.* Thus, Unum again correctly asserts immunity as an affirmative defense, but incorrectly states that Malia's complaint does not contain facts, if taken as true, that could rebut the conditional privilege and immunity. *See e.g., Lavin v. Trezza*, 2002 U.S. Dist. LEXIS 479, 2002 WL 57247, at *16 (D. Me., Jan. 15, 2002).

The court accepts as true the factual allegations of Malia's complaint and concludes that it adequately states a claim upon which relief can be granted because it sufficiently alleges the elements of defamation. Further, the court notes that both the conditional privilege and statutory immunity are not absolute, and finds that the facts in

the complaint provide a sufficient basis that either privilege may have been abused. *See Cohen v. Bowdoin*, 288 A.2d 106, 112-13 (Me. 1972); *Lavin v. Trezza*, 2002 U.S. Dist. LEXIS 479 (D. Me., Jan. 15, 2002). In the complaint Malia alleges that she was not fired because of job performance, but as a scapegoat in order to mollify dissatisfied regulators. *See* Amended Complaint, ¶13-16. She states that the intense pressure from regulators to meet claim reassessment goals resulted in her termination. *Id.* She further states that Unum informed Kelly that she was fired due to performance and claim handling issues. *Id.* ¶ 17. Lastly, Malia alleges that this statement to the temporary agency caused damage to her reputation and made it impossible for her to work in the insurance industry, as she now feels compelled to disclose Unum's stated reasons for her termination to prospective employers. *Id.* ¶ 18-22. For the purposes of this motion, these allegations are fairly to be regarded as charges of actual malice-that Unum had a planned purpose to cause injury to Malia's reputation by making her a scapegoat for their failure to meet reassessment goals. The court finds that Malia has properly pled a cause of action for defamation and has met the minimal requirements necessary to survive a motion to dismiss by pleading facts that show a potential for liability. In this instance the Court has construed the facts liberally in the favor of Malia, as required at this stage of the proceedings.

## CONCLUSION

The motion to dismiss is therefore DENIED. The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: August 18, 2009

_____
Joyce A. Wheeler, Justice

KATHLEEN MALIA VS UNUM LIFE INSURANCE COMPANY OF AMERICA
UTN:AOCSsr  -2008-0120644                    CASE #:PORSC-CV-2008-00609
------------------------------------------------------------------------
SEL VD                              REPRESENTATION TYPE      DATE
01 0000003559 ATTORNEY:LEPAGE, MARGARET
ADDR:ONE MONUMENT SQUARE PORTLAND ME 04101
     F FOR:UNUM LIFE INSURANCE COMPANY OF AMERICA    DEF      RTND   04/29/2009


02 0000003313 ATTORNEY:TAINTOR, CHRISTOPHER
ADDR:415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600
     F FOR:KATHLEEN MALIA                     PL       RTND   10/24/2008


03 0000009629 ATTORNEY:RAND, KATHARINE I
ADDR:ONE MONUMENT SQUARE PORTLAND ME 04101
     F FOR:UNUM GROUP                         DEF      RTND   04/29/2009



Select A=Atty, B=Bail, D=DckPr, E=Evt, F=Fin, J=Jdgm, O=Ordr, P=Prty, R=Review:

To exit this option, select the EXIT KEY.