STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-13-19
CON-YOR 5/17/2013

HSBC BANK, USA, N.A., as Indenture )
Trustee for the Registered Noteholders )
of Renaissance Home Equity Loan )
Trust 2006-4, )
)
         Plaintiff, )
v. )      ORDER OF DISMISSAL
)
DEBORAH J. KIRCHBERGER, )
)
         Defendant. )

I. Background

Plaintiff HSBC Bank, N.A.'s foreclosure action against Defendant Deborah

Kirchberger in Springdale District Court was dismissed with prejudice. Subsequently,

Defendant filed an action for Quiet Title to the property located at 56 Bradeen Road,

North Waterboro, York County, Maine. Default Judgment was entered in the Quiet Title

Action in favor of Kirchberger on September 25, 2012.

Defendant sent notice of the Quiet Title action to the HSBC Bank Main Office.

Plaintiff alleges that notice should have been sent to the loan servicer, Ocwen, in West

Palm Beach, FL. Plaintiff contends that because of where Defendant sent the notice,

Plaintiff's attorneys did not receive notice until after business hours on August 22, 2012.

Plaintiff further contends that once the notice was received, Plaintiff did not respond

immediately because of internal error at Ocwen. Plaintiff alleges that the mistakes arose

from notations in the Defendant's file at Ocwen that read Kirchberger had requested that

she be allowed to execute a deed in lieu of foreclosure, and be given a "cash for keys"

payment of $2500.00 along with a waiver of Plaintiff's right to collect any deficiency in

connection with the Note, Mortgage, or Foreclosure. Plaintiff contends that negotiations concerning a "cash for keys" settlement had suspended the foreclosure action. Plaintiff has filed this case seeking relief from judgment in the underlying Quiet Title Action on the basis of mistake; inadvertence; excusable neglect; misconduct of the adverse party; void judgment because of inadequate service and failure to name the servicer; and for other reasons justifying relief from judgment.

II.     Standard

The purpose of a motion to dismiss is to determine the legal sufficiency of the complaint. *Livonia v. Town of Rome*, 1998 ME 39, ¶5. The court must review the complaint in order to determine whether it alleges the elements of a cause of action or facts such that the plaintiff would be entitled to relief. *Id.* The court will review the motion in the light most favorable to the plaintiff, taking the facts as stated in the complaint to be true. *Id.* The court will grant the motion to dismiss only where "it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994) (citations omitted).

III.    Discussion

According to Rule 60(b), a party may be granted relief from judgment where there is mistake, fraud, surprise, excusable neglect, newly discovered evidence, misrepresentation, misconduct, void judgment, or a judgment that is no longer equitable. Me.R. Civ. P. 60(b). "Relief will be granted only where there is a showing of injustice in the original judgment." 3 Harvey, *Maine Civil Practice* § 60:5 at 297 (3d ed. 2011). Plaintiff has brought its request for relief from judgment as an independent action.

"Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (U.S. 1998), citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). "[T]he occasion for its use will be rare, and relief will be granted only on a showing of exceptional circumstances." 3 Harvey, *Maine Civil Practice* § 60:4 at 295.

When viewed in the light most favorable to Plaintiff, Plaintiff has not pled facts sufficient for a showing of mistake, inadvertence, surprise, excusable neglect, misconduct of an adverse party, or void judgment required for relief from judgment under Maine Rule of Civil Procedure 60(b). Furthermore, Plaintiff has not pled facts that, when considered together, amount to the exceptional circumstances required to meet the burden of an independent action. Plaintiff has pled no set of facts upon which relief could be granted.

IV.     Conclusion

The Court Grants Defendant's Motion to Dismiss.


DATE:  8/17/13

_____
John O'Neil, Jr.
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
WILLIAM FOGEL ESQ
COPE LAW FIRM
PO BOX 1398
PORTLAND ME  04104


ATTORNEYS FOR DEFENDANT:
STEPHEN HODSDON ESQ
MATTHEW J WILLIAMS ESQ
HODSDON & AYER
56 PORTLAND ROAD
KENNEBUNK ME  04043