ENTERED JUL 2 9 2014

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         DOCKET NO. CV-14-7
                                                  JON-YOR-06-23-14

MELISSA DANIS,                    )
                                  )
             Plaintiff,           )
       v.                         )          ORDER ON DEFENDANT'S
                                  )          MOTION TO DISMISS
JONATHAN ARNDT,                   )
                                  )
             Defendant.           )

I.     Facts

Plaintiff brings this action for damages resulting from incidents of alleged domestic violence.

Plaintiff brings a claim pursuant to the Maine Civil Rights Act 5 M.R.S. § 4682 and a claim for

punitive damages. Defendant moves the court to dismiss Plaintiff's claims.

II.    Standard of Review

The purpose of a motion to dismiss is to determine the legal sufficiency of the pleading.

Livonia v. Town of Rome, 707 A.2d 83, 85 (Me. 1998). The court will review the motion in the

light most favorable to the non-moving party, taking the facts as stated in the pleading to be true.

Id. The court will grant a motion to dismiss only where "it appears beyond doubt that a plaintiff

is entitled to no relief under any set of facts that he might prove in support of his claims."

McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994) (citations omitted).

III.   Discussion

Defendant moves the court to dismiss Plaintiff's claim brought pursuant to the Maine Civil

Rights act arguing that the substantive law of New Hampshire should apply, not that of Maine.

Defendant contends that many of the alleged incidents of domestic violence occurred in New

Hampshire. Defendant argues, that according to choice of law doctrine, because so many of the

alleged incidents occurred in New Hampshire, New Hampshire Law should apply. Further,

1

Defendant argues that because New Hampshire law does not allow for punitive damages, and Defendant contends that New Hampshire substantive law applies, Plaintiff's count of punitive damages should also be dismissed.

Maine is the forum state; therefore the Maine rules on conflict of laws apply with regards to which substantive law is applied. State Farm Mut. Auto. Ins. Co. v. Koshy, 2010 ME 44, ¶ 21, 995 A.2d 651. Maine caselaw dictates that the law of the state with the "most significant contacts and relationships" applies. Flaherty v. Allstate Ins. Co., 2003 ME 72, ¶ 16, 822 A.2d 1159. Maine has adopted section 146 of the Restatement of Conflict of Laws, which holds that in personal injury actions, in the absence of a more significant relationship with another state as determined by the factors found in § 6, the court should apply the substantive law of the state in which the injury occurred. Restatement (Second) Conflict of Laws § 146.[1] The court looks to those factors in conjunction with the factors set out in case law, as follows:

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

Flaherty v. Allstate Ins. Co., 2003 ME 72, ¶ 16, 822 A.2d 1159.

In reviewing a motion to dismiss, the court views the facts as stated in the complaint in the light most favorable to the Plaintiff. Plaintiff contends that some of the incidents of domestic

---

[1] Section 6 describes factors which a court may look to in order to determine whether there is a more significant relationship with another state than that with the state where the injury occurred. Those factors are:
1. the needs of the interstate and international systems,
2. the relevant policies of the forum,
3. the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
4. the protection of justified expectations,
5. the basic policies underlying the particular field of law,
6. certainty, predictability and uniformity of result, and
7. ease in the determination and application of the law to be applied.
Restatement (Second) of Conflict of Laws § 6 (1971).

2

abuse occurred in Maine. If some of the injuries occurred in Maine, according to caselaw and the Restatement, the substantive law of Maine is rightfully applied. Furthermore, Maine has an interest in providing Plaintiff, a Maine resident, certainty, predictability and uniformity in result. For purposes of the Motion to Dismiss, the court finds that Maine law applies and denies Defendant's Motion.

Alternatively, Defendant argues the Maine Civil Rights Act does not provide a private right of action in domestic violence cases.[2] The MCRA creates a private right of action:

> Whenever any person, whether or not acting under color of law, intentionally interferes or attempts to intentionally interfere by physical force or violence against a person, ... with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine...

5 M.R.S. § 4682 (2013). In Murray v. Murray, the Superior Court held that "the MCRA should protect the right of one to be free from violence in one's own home." Murray v. Murray, YORSC-CV-05-161 (Me. Super. Ct., Yor. Cty., Dec. 13, 2006). In Murray, the Superior Court cites to State v. DeCoster, in which workers at an egg farm brought a MCRA action because the farmer had prevented service professionals, relatives, and friends from visiting them in the company-owned mobile homes in which they resided. State v. DeCoster, 653 A.2d 891, 892 (Me. 1995). The Law Court held that the MCRA applied to an individual's right to quiet enjoyment of his home and to his right to receive visitors within his home. Id. at 895. As the Superior Court reasoned in Murray, the Law Court's stance interpreting the MCRA to provide a private cause of action for intentionally violent or threatening interference with a tenant's right to quiet enjoyment suggests the Law Court would similarly interpret the MCRA to provide a private cause of action in cases of domestic violence. Murray v. Murray, YORSC-CV-05-161

---

[2] The Law Court has recently stated that it has not made a determination the issue of whether state action is required in a claim pursuant to the MCRA. Clifford v. MaineGeneral Med. Ctr., 2014 ME 60, FN 19.

3

(Me. Super. Ct., Yor. Cty., Dec. 13, 2006). Viewing the facts as stated in the complaint in the light most favorable to Plaintiff, the court denies Defendant's Motion to Dismiss for failure to state a claim pursuant to the MCRA.[3]

IV.     Conclusion

The court DENIES Defendant's Motion to Dismiss.

DATE:  6/23/14

_____
John O'Neil, Jr.
Justice, Superior Court

---

[3] It strikes the court that there is merit in the argument that interpreting the MCRA to include the right to be free from all physical violence has a significantly expansive and unenforceable feel to it, and that it is unlikely the legislature intended the MCRA to be used as a cause of action for assault alone. However, until there is sufficient discovery to know if the assault was precipitated by any right or membership in a class protected by the MCRA, dismissal would be inappropriate.

4

ATTORNEY FOR PLAINTIFF:
DANA E PRESCOTT
PRESCOTT JAMIESON NELSON & MURPHY LLC
PO BOX 1190
SACO ME 04072-1190


ATTORNEY FOR DEFENDANT:
GENE LIBBY
TYLER SMITH
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD UNIT 17
KENNEBUNK ME 04043