ENTERED JUL 2 8 2014,

STATE OF MAINE                                SUPERIOR COURT
YORK, SS.                                     DOCKET NO. CV-13-255

                                              JON-YOR-06-23-14

BLUNT CONSTRUCTION, INC.,        )
                                 )
            Plaintiff,            )
      v.                         )            ORDER ON DEFENDANT'S
                                 )            MOTION TO DISMISS
MARGARET C. TYRELL,              )
      Jo.                        )
            Defendant.           )

I.      Background

Plaintiff, Blunt Construction, Inc., and Defendant, Margaret Tyrell (who has since passed), entered an agreement for Plaintiff to re-side Defendant's house with vinyl siding and encase all window trim in aluminum sheeting and paint any window frames where aluminum could not be molded to fit the window frames. Plaintiff states that the agreement was for $10,000 to $12,000. Plaintiff alleges that there was a contract, but that he misplaced it. While performing on the contract, Plaintiff alleges that Plaintiff found that the soffits were rotted, and modified the contract in order to account for the replacement of the rotted soffits. Plaintiff contends that the contract was again modified to account in order to encase the bulkhead doorframe with aluminum sheeting, paint the wood doors, repair the hinges on the door and repair the front steps. Plaintiff avers that the final amount due to Plaintiff was $9,157.04. Plaintiff complains that Defendant has paid a total of $1,225.00. Plaintiff alleges Defendant has an outstanding balance of $7,932.04. Plaintiff has brought claims for breach of contract and *quantum meruit*.

Defendant admits that work was performed but contends that Defendant paid in full. Defendant counterclaims arguing that there was no contract, which is a violation of the Maine Home Construction Act and the Unfair Trade Practices Act. Defendant now moves the court to dismiss for failure to state a claim upon which relief may be granted.

1

II.     Standard of Review

The purpose of a motion to dismiss is to determine the legal sufficiency of the pleading. Livonia v. Town of Rome, 707 A.2d 83, 85 (Me. 1998). The court will review the motion in the light most favorable to the non-moving party, taking the facts as stated in the pleading to be true. Id. The court will grant a motion to dismiss only where "it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994) (citations omitted).

III.    Discussion

    a.  Statute of limitations

Defendant moves the court to dismiss the Plaintiff's claims for failure to state a claim upon which relief can be granted arguing that the statute of limitations has already run. "All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, ... except as otherwise specially provided." 14 M.R.S. § 752. (2013). Defendant argues that the final invoice for services rendered is dated April 2007. Defendant argues that because the date on the invoice is April 2007, Plaintiff had six years from that date to bring a suit. Because the current suit was brought in October 2013, six months after the six-year mark, Defendant argues that it is barred by the statute of limitations.

Plaintiff argues that the services were performed in 2008, that the date on the invoice was a mistake and that there are many documents that state that the service was performed in 2008. Both parties have submitted documents as evidence of their argument. Where the court chooses to consider evidence presented on a motion to dismiss, the motion is converted into a motion for summary judgment and the parties are afforded the opportunity to prepare the necessary materials. M.R. Civ.P. 12(b) ("*If, on a motion asserting the defense numbered (6) to dismiss for*

*failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."*)

The court does not elect to decide this case at this time based solely on the currently submitted evidence in this case. Plaintiff sets out in the complaint that the agreement was entered into and the work was performed in 2008. If the work was completed in 2008 and the invoice was sent in 2008 then Plaintiff's complaint would have been filed within the statutory period. Further Plaintiff's counsel, submits in good faith that work was performed in 2008 and the invoices were in error. The court views the facts as pled in the complaint and finds that there is a set of facts that could be proven that would entitle Plaintiff to relief. Plaintiff is entitled to discovery in order to flesh out his claims.

IV.     Conclusion

Defendant's Motion to Dismiss is DENIED.

DATE:     6/23/14

_____
John O'Neil, Jr.
Justice, Superior Court

3

ATTORNEY FOR PLAINTIFF:
JAMES AUDIFFRED
LAW OFFICE OF JAMES L AUDIFFRED
PO BOX 1005
SACO ME  04072


ATTORNEY FOR DEFENDANT:
JASON G HOWE
BERGEN & PARKINSON LLC
62 PORTLAND ROAD SUITE 25
KENNEBUNK ME  04043